**Mary TOPPINS, Plaintiff/Appellant,**

v.

**Mildred MILLER, Defendant/Respondent.**

No. 64290.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 3, 1995.

Application to Transfer Denied
Feb. 21, 1995.

Robert H. Pedroli, Robert H. Pedroli & Associates, St. Louis, for appellant.

John F. Cooney, Evans & Dixon, St. Louis, for respondent.

CRANE, Presiding Judge.

Plaintiff Mary Toppins appeals from a judgment entered on a jury verdict for defendant Mildred Miller in a negligence action. She asserts the trial court erred in failing to give MAI 34.05 and in sustaining Miller's objection to evidence of Toppins' pretrial settlement with a third party. We affirm.

On May 16, 1990, Toppins was injured while riding as a passenger in an automobile which was simultaneously hit by two other automobiles, one driven by Miller and another driven by Terry Black. Toppins brought a negligence action for damages against both Miller and Black. Prior to trial, Black settled for $25,000 and was dismissed by stipulation. In May, 1994 Toppins' claim against Miller was tried before a jury. At trial Toppins' attorney injected the issue of the settlement with Black during the opening statement, when Toppins' attorney stated:

> [Y]ou are going to hear a lot said about Terry Black. Terry Black was a party in this suit and he's no longer a party in this suit. He has been settled out of this case and settlement—the evidence will be that settlement was for $25,000.

Toppins' attorney also told the jury, "we are going to ask you for a verdict at the close of this case well in excess of $25,000 because until she gets $25,000 she doesn't get a penny because of the first $25,000 settlement." Miller's attorney objected and moved for mistrial. The trial court sustained the objection, but denied the motion for a mistrial.

Before calling her first witness, Toppins advised the court that she wanted to introduce evidence of the prior settlement with Black. The trial court sustained Miller's objection to the admission of this evidence.

At the jury instruction conference, Toppins requested MAI 34.05 [1991 Revision]. The court denied the instruction on the grounds that the prior settlement with Black was not relevant to either Miller's negligence or the amount of Toppins' damages.

The jury returned a verdict in favor of Miller. Toppins appeals.

For her first point Toppins asserts the trial court erred in refusing to submit MAI 34.05. She argues the instruction was required because, as a result of Toppins' opening statement, the jury had knowledge of the prior settlement with Terry Black. She contends this caused the jury to be misled and confused about the legal effect of the prior settlement. Specifically she argues the jury could have been misled in the following three ways:

First, the jury could have believed that the other defendant was dismissed by the court before trial and recovery was not allowed against him. In such a case the jury could have believed that if the court refused recovery against a more at fault party, then it would be unjust to allow recovery against this defendant.

Second, the jury could have believed that the plaintiff may have been entitled to

further future recovery against Terry Black. Since plaintiff's counsel was prohibited from exploring the subject of the prior settlement, the jurors had no information regarding the release and covenant not to sue which is part and parcel of any such settlement agreement.

Finally, the jury could have believed that total agreed upon damages had already been recovered from Terry Black and that plaintiff was seeking a "double recovery."

MAI 34.05 provides:

In determining the [total] amount of plaintiff's damages you are not to consider any evidence of prior payment [to] [on behalf of] plaintiff. The judge will consider any such payment and make an adjustment if required by law.

MAI 34.05 shall be given "upon request of any party" as an addendum to the appropriate damage instruction, "if the jury has knowledge, from the evidence or a trial incident, of an advance payment, a partial settlement, or a collateral source payment". MAI 34.05 [1991 Revision]. The instruction "is intended ... to clarify what the jury is to consider in assessing damages." Committee Comment (1983 New). Toppins argues that under the terms of MAI 34.05, the instruction must be submitted at the request of either party, if the jury has knowledge of a prior settlement, even if that information has been disclosed by the requesting party.

■ We do not need to reach the merits of whether MAI 34.05 should or should not have been given. Even if the trial court erred in failing to give MAI 34.05, the error does not require reversal unless it is prejudicial. The prejudicial effect of instructional error is to be judicially determined. *Graham v. Goodman,* 850 S.W.2d 351, 355 (Mo. banc 1993); Rule 70.02(c).

In this case the MAI 34.05 instructs the jury that it may not consider certain evidence in determining the *amount* of damages. The jury rendered a verdict in Miller's favor, thus finding Toppins had not proved negligence or damages. The jury did not assess damages. MAI 34.05 would have only instructed the jury it could not have considered the $25,000 payment in assessing damages. It would not

have cleared up any potential juror confusion or speculation concerning whether the court had dismissed Black, whether Toppins could have recovered additional sums against Black, or whether Toppins had been fully compensated by Black. The failure to submit MAI 34.05 was not prejudicial. Point one is denied.

For her second point Toppins asserts the trial court erred in refusing to admit Toppins' prior settlement with Terry Black into evidence. She argues that this evidence is necessary to dispel juror confusion with respect to the absence of logical codefendants.

■ We give substantial deference to the trial court's evidentiary rulings and we will not disturb those rulings absent a showing of an abuse of discretion. *Oldaker v. Peters,* 817 S.W.2d 245, 250 (Mo. banc 1991). "Relevancy is the relationship between the offered fact and the fact in issue to such a degree that the existence of the offered fact logically renders probable the existence of the fact in issue." *McIlroy v. Hamilton,* 539 S.W.2d 669, 676 (Mo.App.1976).

■ Evidence of a prior settlement with a joint tortfeasor is not relevant to the determination of the remaining defendant's negligence. Neither the fact that a joint tortfeasor settled to avoid trial nor the details of that settlement tend to make the negligence of the remaining defendant more or less probable.

Further, even if the jury had assessed damages, evidence of the amount Toppins had received from Black would not be relevant to establishing the amount of damages attributable to Miller. In that situation the court, not the jury, would offset the damage award by the amount of partial settlement with a joint tortfeasor. *See* MAI 1.06 [1983 New] and Committee Comments.

The trial court did not abuse its discretion in sustaining Miller's objection to this evidence. Point two is denied.

The judgment of the trial court is affirmed.

CRANDALL and DOWD, JJ., concur.